LINDA CAMPBELL, Plaintiff-Appellant, v. REBECCA A. WAGNER *et al.*, Defendants-Appellees.

Fourth District    No. 4—98—0489

Opinion filed March 11, 1999.

Michael J. Tague, of Flynn, Palmer & Tague, of Champaign, for appellant.

Karen L. Kendall, of Heyl, Royster, Voelker & Allen, of Peoria, and Edward M. Wagner and James C. Kearns, both of Heyl, Royster, Voelker & Allen, of Urbana, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Linda Campbell appeals from a judgment entered in the circuit court of Champaign County in favor of defendants Rebecca A. Wagner and Carle Clinic Association following a jury trial in this medical malpractice action. The issue is whether the trial court should have given three jury instructions tendered by plaintiff. We affirm.

The trial court refused plaintiff's tendered instruction Nos. 3, 9, and 10. Plaintiff's tendered instruction No. 3 stated:

"A fact may be proved by circumstantial evidence. Circumstantial evidence consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the facts sought to be proved." Illinois Pattern Jury Instructions, Civil, No. 1.03 (3d ed. 1995) (hereinafter IPI Civil 3d).

Plaintiff's tendered instruction No. 9 stated:

"If you decide that the defendants were negligent and that their negligence was a proximate cause of injury to the plaintiff, it is not a defense that something else may also have been a cause of the injury.

However, if you decide that the sole proximate cause of injury to the plaintiff was something other than the conduct of the defendant, then your verdict should be for the defendant." IPI Civil 3d No. 12.05.

Plaintiff's tendered instruction No. 10 stated:

"When I use the expression 'proximate cause,' I mean a cause

which, in natural or probable sequence, produced the injury complained of. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury." IPI Civil 3d No. 15.01.

Although the long form of IPI Civil 3d No. 15.01 was refused, the jury was instructed using the short form consisting of the first sentence only.

■ Defendants initially argue that the issues raised in this case were not properly preserved for review because the posttrial motion did not adequately identify the claimed errors. The allegation of error in a posttrial motion must be sufficiently specific to afford the trial court the opportunity to reexamine earlier rulings on the instructions. *Brown v. Decatur Memorial Hospital*, 83 Ill. 2d 344, 351, 415 N.E.2d 337, 340 (1980). In this case, plaintiff did more than merely list the numbers of the instructions at issue. In addition to identifying the instructions at issue, the plaintiff's posttrial motion stated:

"The issue of causation involved the jury's consideration of the cause and effect relationships between a hematoma that developed and became infected in relation to the origin and circumstances surrounding a perforation in the Plaintiff's sigmoid colon. Because of the mechanics of the development of the injurious events inside the Plaintiff's abdomen, outside the view of any witnesses, it was imperative that the Plaintiff be allowed to argue circumstantial evidence and the inter-relationship between the hematoma and the colon perforation that occurred with concurrent pattern jury instructions concerning those circumstances."

A review of the record indicates that the tendered instructions were available to the trial court at the time of the hearing on the posttrial motion. A transcript of the hearing fails to disclose any difficulty on the part of the trial judge in understanding the nature of the plaintiff's contentions. The issues are not waived due to the lack of specificity in the posttrial motion.

■ Plaintiff has the right to have the jury clearly and fairly instructed on any theory supported by the evidence. In determining the propriety of the tendered instructions, this court considers whether, considering the instructions in their entirety, the jury was fairly, fully, and comprehensively informed as to the relevant principles. *Leonardi v. Loyola University*, 168 Ill. 2d 83, 100, 658 N.E.2d 450, 458 (1995). The trial court has discretion in determining what issues are raised by the evidence. *Leonardi*, 168 Ill. 2d at 100, 658 N.E.2d at 458; *Villa v. Crown Cork & Seal Co.*, 202 Ill. App. 3d 1082, 1088, 560 N.E.2d 969, 972 (1990). The trial court's determination of which jury instructions should be given will not be disturbed

on appeal unless that determination amounted to an abuse of discretion. *Lundquist v. Nickels*, 238 Ill. App. 3d 410, 431, 605 N.E.2d 1373, 1388 (1992).

■ We note first that it would not have been error for the trial court to have given the tendered instructions. Likewise, based upon a review of the record, no reversible error arose from refusing to give plaintiff's instruction Nos. 3, 9, and 10. In denying plaintiff's posttrial motion, the trial judge pointed out that the only charge of negligence presented to the jury in this case was that defendants "deviated from the standard of care for medical practitioners performing the surgery of May 11, 1994, in that organs and body parts in the vicinity of the surgery site were damaged and not discovered and repaired before the operation was completed and closed." Based on this issue, the trial court determined that the instructions tendered by plaintiff were unnecessary and inappropriate. The record and the parties' briefs indicate that the issue at trial was whether Wagner lacerated plaintiff's sigmoid colon while performing a hysterectomy. The issue was not whether the sigmoid colon had been damaged previously and Wagner failed to discover and correct that condition during the surgery. Carle Clinic was alleged to be vicariously liable for the negligence of Wagner.

Plaintiff argues that the instruction on circumstantial evidence was necessary to support the opinion testimony of Dr. Samir N. Hajj. Plaintiff contends there was evidence of perforation of the sigmoid colon based upon (1) Wagner's meticulous blunt and sharp dissection of dense adhesions and her observation of discoloration of the colon, (2) the opinions of defendants' experts that bleeding from the surgical site caused a hematoma, and (3) the infected hematoma affixed to the site of the ultimately discovered perforation.

In refusing the instruction on circumstantial evidence, the trial court reasoned that *res ipsa loquitur* was not pled in this case and circumstantial evidence was not a factor so the instruction was not available.

Expert opinion testimony is not itself circumstantial evidence warranting the giving of the instruction. The facts upon which Hajj relied are not established by circumstantial evidence. Instead, Hajj relied on the reports of observations of the doctors who had performed the two surgeries. Hajj's conclusions were inferences drawn from the direct evidence. "Circumstantial evidence involves evidence offered to establish a fact of consequence where an inference in addition to the truth of the matter stated needs to be made." M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 401.1, at 134 (6th ed. 1994). However, when the inference is one that must be drawn by an expert, as in this medical malpractice case (see *Walski v. Tiesenga*, 72 Ill. 2d 249, 256,

381 N.E.2d 279, 282 (1978)), then the jurors are not free to draw their own inferences from their personal knowledge, and the jury in this case was so instructed (IPI Civil 3d No. 105.02). The giving of the circumstantial evidence instruction was unnecessary. No abuse of discretion in refusing plaintiff's tendered instruction No. 3 has been demonstrated.

Furthermore, even if the refusal of the circumstantial evidence instruction had been error, it would have been harmless error. At best, Hajj's opinion was that, if Wagner caused the injury to the sigmoid colon, she was negligent in not discovering and repairing it. This is pure speculation on Hajj's part. He could point to no action on Wagner's part that caused the injury to plaintiff's sigmoid colon. In addition, even though the circumstantial evidence instruction was not given, the testimony of Hajj was before the jury and plaintiff was not prevented from arguing her theories of negligence. The jury found no negligence by Wagner that proximately caused plaintiff's injury.

Plaintiff argues that the trial court should have given either the long version of IPI Civil 3d No. 15.01 or given IPI Civil 3d No. 12.05 in conjunction with the short version of IPI Civil 3d No. 15.01 to enable the jury to determine that Wagner's malpractice was a cause of plaintiff's colon injury even if the hematoma was also determined to be a cause. At trial, the defendants argued that the hematoma caused the perforation of the colon, and plaintiff argued it could be caused by the nick and the hematoma. Since no evidence was presented that the hematoma developed as a result of negligence, plaintiff's tendered instruction No. 9 was refused. Because the only allegation of negligence in this case involved what Wagner did during the hysterectomy on May 11, 1994, and no allegation of any cause "acting at the same time" or relative to the postoperative care of plaintiff was made, plaintiff's tendered instruction No. 10 was also refused.

Initially, we note that plaintiff has cited no legal authority supporting her contention that IPI Civil 3d No. 12.05 was a necessary instruction under the facts of this case. This court has often reminded counsel that the appellate court is not a depository into which the burden of research may be dumped and failure to cite legal authority in the argument section of a party's brief waives the issue for review. See *Bank of Illinois v. Thweatt*, 258 Ill. App. 3d 349, 362, 630 N.E.2d 121, 130 (1994). Even absent waiver, the contention is without merit. We need not decide whether IPI Civil 3d No. 12.05 may be used in place of the long form of IPI Civil 3d No. 15.01 since we determine that, in this case, giving the short form of IPI Civil 3d No. 15.01 did not amount to reversible error.

Since the adoption of comparative negligence, the short form of

IPI Civil 3d No. 15.01 is given in cases in which the sole cause of plaintiff's injury, other than plaintiff's predisposition, was the conduct of a single defendant and there is no evidence that plaintiff's conduct was a contributing cause. IPI Civil 3d No. 15.01, Comment at 79-81. In this case, no contention is made that any negligence of plaintiff contributed to the injury. The only person's negligence alleged to have caused the injury was that of Wagner. There was other conduct resulting in the bleeding that caused the hematoma that defendants argued caused the perforation of the colon, although that conduct was not claimed to be negligence. Neither party suggests that the hematoma resulted from a predisposition of plaintiff. However, it is not always error to use the short form of the proximate cause instruction even when the long form is preferable. See *Curry v. Summer*, 136 Ill. App. 3d 468, 474-76, 483 N.E.2d 711, 715-17 (1985).

Plaintiff had the opportunity to and did argue that the presence of the hematoma did not relieve defendants of liability. Contrary to plaintiff's argument on appeal, the instruction given did not require the jury to find that Wagner's alleged malpractice was the "sole" cause of the injury in order to find liability. The term "a cause" in the short form of the proximate cause instruction adequately informed the jurors they were not limited to determining a single cause for plaintiff's injury. *Hajian v. Holy Family Hospital*, 273 Ill. App. 3d 932, 941, 652 N.E.2d 1132, 1139 (1995). The jury was fairly, fully, and comprehensively informed of the relevant principles, including proximate cause, and determined that the actions of Wagner were not negligent or did not cause the plaintiff's injury.

The judgment of the circuit court of Champaign County is affirmed.

Affirmed.

KNECHT, P.J., and GARMAN, J., concur.