No. 2--08--0502    Filed: 11-19-09

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 08--DT--1752 |
| DONALD J. TOMCZAK, | ) ) ) | Honorable Daniel P. Guerin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Donald J. Tomczak, timely appeals the denial of his petition to rescind the statutory summary suspension of his driving privileges. Defendant claims that the summary suspension should be rescinded because he was never warned that his privileges to drive could be summarily suspended if testing revealed that he had methamphetamine in his system. We affirm.

On April 12, 2008, defendant was arrested for driving while under the influence of alcohol (DUI) (625 ILCS 5/11--501(a)(2) (West 2008)). Subsequently, his driving privileges were summarily suspended (625 ILCS 5/11--501.1(e) (West 2008)), and he petitioned to rescind that suspension (625 ILCS 5/2--118.1(b) (West 2008)), arguing, among other things, that "[he] was not properly warned by the arresting officer as provided in Section 11--501.1 of the Illinois Vehicle Code [(Code) (625 ILCS 5/11--501.1 (West 2008))]." Nowhere in his petition did defendant indicate in what way the warning was deficient.

At the hearing on the petition to rescind, Officer Steve Ruban testified that he was on duty on April 12, 2008, at approximately 11:49 p.m., when he observed the car defendant was driving swerve within its lane of traffic and stop five feet past the stop line at a traffic light. Officer Ruban activated his squad car's emergency lights, sounded the squad's siren, and shined the squad's spotlight on defendant's car, all in an attempt to get defendant to stop. Although defendant tapped his brakes in response to the officer, he did not stop his car until he had driven several blocks with the officer in pursuit.

When Officer Ruban approached defendant, he noticed that defendant smelled of alcohol and slurred his speech. Defendant was arrested for DUI and taken to the police station, where Officer Ruban read to him a "Warning to Motorist." Officer Ruban read the warning verbatim. The warning, which was admitted at the hearing, did not advise defendant that his driving privileges would be suspended if chemical tests revealed that he had methamphetamine in his system.

The State moved for a directed finding, and the trial court granted the motion, finding that Officer Ruban had reasonable grounds to believe that defendant was DUI. As the court was announcing its ruling, the following exchange was had:

"MR. RAMSELL [defense counsel]: I forgot to argue about the warnings, but I--

THE COURT: The warnings, Mr. Ramsell has pointed out that the meth[amphetamine] language isn't in the warning that was read. I find consistent with my previously [sic] rulings that that omission does not require a rescission. So I think [defendant] failed to make a prima facie case, so I will grant the State's motion and I will confirm the suspension."

On appeal, defendant argues that the summary suspension of his driving privileges should be rescinded because he was never advised that his privileges to drive could be suspended if chemical tests indicated that he had methamphetamine in his system. In response, the State claims that defendant "waived" review of this issue, because he did not fully present it to the trial court.

We note that the State confuses "waiver" and "forfeiture." Historically, waiver, which is the voluntary relinquishment of a known right (Hill v. Cowan, 202 Ill. 2d 151, 158 (2002)), was said to be a limitation on the parties, not the courts (People v. Hauschild, 226 Ill. 2d 63, 73 (2007)). In People v. Blair, 215 Ill. 2d 427, 443-44 (2005), our supreme court went to great lengths to distinguish waiver from forfeiture. Blair, 215 Ill. 2d at 443-44 (providing that forfeited issues are those that "could have been raised, but were not, and are therefore barred"). In People v. Smith, 228 Ill. 2d 95, 106 (2008), our supreme court suggested that forfeiture, unlike waiver, was a limitation on the courts. Smith, 228 Ill. 2d at 106 ("the ascertainment of [a reviewing court's] own jurisdiction is one of the two most important tasks of an appellate court panel ***. The other is to determine which issue or issues, if any, have been forfeited"). However, the court has since indicated otherwise. See O'Casek v. Children's Home & Aid Society of Illinois, 229 Ill. 2d 421, 437-38 (2008) (court recognized "oft-cited proposition that forfeiture is a limitation on the parties and not the court" before overlooking forfeiture "in the interest of maintaining a sound and uniform body of precedent"). Because, at least as of now, our supreme court allows us to treat forfeiture like waiver, we choose to address the merits of defendant's appeal. See Catholic Charities of the Archdiocese v. Thorpe, 318 Ill. App. 3d 304, 311 (2000) (court considered issue raised on appeal that was only obliquely and briefly raised during the trial court proceedings, as "waiver" is a limitation on the

parties and not the courts, the issue raised concerned a clear question of law, and the factual record was adequate for the court to resolve the defendant's claim without further input from the trial court).

Turning to the merits, section 11--501.1(a) of the Code provides that "[a]ny person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent *** to a chemical test or tests of blood, breath, or urine for the purpose of determining the content of alcohol, other drug or drugs, or intoxicating compound or compounds *** in the person's blood if arrested *** for [DUI]." 625 ILCS 5/11--501.1(a) (West 2008). A motorist who is asked to submit to such testing shall be warned that his driving privileges will be summarily suspended if he (1) refuses testing or (2) submits to testing that reveals that the motorist's blood-alcohol level is in excess of the legal limit or that he has in his system cannabis, a controlled substance (as listed by the Illinois Controlled Substances Act (720 ILCS 570/100 et seq. (West 2008))), an intoxicating compound (as listed by the Use of Intoxicating Compounds Act (720 ILCS 690/0.01 et seq. (West 2008))), or methamphetamine (as listed in the Methamphetamine Control and Community Protection Act (720 ILCS 646/1 et seq. (West 2008))). 625 ILCS 5/11--501.1(c) (West 2008).

If a motorist's driving privileges are summarily suspended, the motorist may request a judicial hearing seeking rescission of that suspension. 625 ILCS 5/2--118.1 (West 2008). The scope of that hearing is limited to four bases, including, as part of two of those bases, whether the motorist was properly warned about either refusing or submitting to and failing testing. 625 ILCS 5/2--118.1(b) (West 2008). We review de novo a claim that the warnings were inadequate. See People v. Johnson, 197 Ill. 2d 478, 481 (2001) ("[w]hether trial courts must rescind summary suspensions if motorists are not properly warned is a legal issue[,] which we review de novo"); see also People v. Hacker, 388

Ill. App. 3d 346, 350 (2009) (in considering an appeal on a petition to rescind the summary suspension of a motorist's driving privileges, a court of review defers to the trial court's factual findings and considers <u>de novo</u> whether the petition to rescind should be granted).

This court recently addressed the issue raised here. See <u>People v. Bavone</u>, No. 2--08--0523 (September 18, 2009). In <u>Bavone</u>, the defendant, who refused to undergo chemical testing, claimed that, because he was not warned that his driving privileges would be suspended if he submitted to testing that revealed that he had methamphetamine in his system, the suspension of his driving privileges must be rescinded. <u>Bavone</u>, slip op. at 5. In considering that issue, we noted that, "although [the defendant] would have been aware that <u>refusing</u> testing would lead to a suspension, he might not have realized that <u>submitting</u> to testing could also result in a suspension (albeit one of shorter duration)" if he tested positive for methamphetamine. (Emphases in original.) <u>Bavone</u>, slip op. at 7. Pursuant to <u>Johnson</u>, 197 Ill. 2d at 488-89, we found that "[i]f [the] defendant had, in fact, used methamphetamine and was likely to test positive for use of that substance, the warning he received would have misinformed him as to the potential suspension he faced," and, thus, the summary suspension of the defendant's driving privileges would have to be rescinded. <u>Bavone</u>, slip op. at 6-7. However, because nothing in the record indicated that, if the defendant would have submitted to chemical testing, the results of that testing would have disclosed that the defendant was driving while under the influence of methamphetamine, the defendant could not successfully argue that the deficient "Warning to Motorist" that was read to him mandated a rescission of the suspension of his driving privileges. <u>Bavone</u>, slip op. at 7.

Here, as in <u>Bavone</u>, the evidence presented at the hearing indicated that Officer Ruban read verbatim the "Warning to Motorist" to defendant. This warning was incomplete, as section

11--501.1(c) of the Code clearly provides that a motorist "shall" receive a warning about the effect that methamphetamine detection will have on his driving privileges. 625 ILCS 5/11--501.1(c) (West 2008). However, that omission does not mandate that the statutory summary suspension of defendant's driving privileges be rescinded. Bavone, slip op. at 7. Rather, "rescission is warranted based on the receipt of erroneous or inaccurate warnings only if that misinformation directly affects the motorist's potential length of suspension," meaning that "the motorist [must be] a member of the group affected by the inaccuracy." (Emphasis in original.) Johnson, 197 Ill. 2d at 488-89; see also People v. Blankschein, 337 Ill. App. 3d 526, 530-31 (2003). Officer Ruban's inaccurate warning had no bearing on the length of defendant's suspension. Because there was no evidence that defendant's suspension was based on the presence of methamphetamine or that a test would have revealed that defendant had methamphetamine in his system, we must hold that defendant is not entitled to a rescission of his suspension.

As a final matter, we comment briefly on the State's suggestion that, even if the warning would entitle defendant to a rescission of his summary suspension, we could affirm the denial of defendant's petition to rescind on the basis that Officer Ruban had reasonable grounds to believe that defendant was DUI. We find the State's position unfounded.

As noted, a motorist who petitions to rescind the summary suspension of his driving privileges may raise only four issues in support of the petition. 625 ILCS 5/2--118.1(b) (West 2008). The presence of reasonable grounds constitutes one such issue (625 ILCS 5/2--118.1(b)(2) (West 2008)), while the lack of proper warnings is encompassed within two of the issues (625 ILCS 5/2--118.1(b)(3), (b)(4) (West 2008)). Sufficient proof on any one of the issues constitutes grounds to rescind the summary suspension of a motorist's driving privileges, and, thus, when a motorist has

established any one of the grounds, the lack of evidence to support any other ground does not mean that the suspension of the motorist's driving privileges should not be rescinded.

By way of example, an officer could have reasonable grounds to believe that a nonfirst-time DUI offender is DUI, yet advise that motorist that his driving privileges will be suspended for 12 years if he refuses testing or fails any administered tests. This warning is incorrect, as nonfirst-time offenders are subject to a suspension of one year if they fail any administered tests or three years if they refuse to submit to testing. See 625 ILCS 5/11--501.1(c) (West 2008) (providing that a motorist shall be warned about the length of the summary suspension of the motorist's driving privileges as provided in section 6--208.1 of the Code (625 ILCS 5/6--208.1 (West 2008)); 625 ILCS 5/6--208.1(a)(3), (a)(4) (West 2008) (indicating that the driving privileges of a nonfirst-time offender shall be suspended for three years if the motorist refuses or fails to complete testing or one year if testing reveals that the motorist is DUI). Under such circumstances, the motorist given improper warnings would be entitled to a rescission of the summary suspension of his driving privileges, regardless of whether there were reasonable grounds to believe that the motorist was DUI.

For these reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

ZENOFF, P.J., and BOWMAN, J., concur.