# Illinois Official Reports

## Appellate Court

*In re Estate of Lasley*, 2015 IL App (4th) 140690

| | |
|---|---|
| Appellate Court Caption | In re: the Estate of OWEN THOMAS LASLEY, Deceased, OWEN FONTAINE LASLEY, Petitioner-Appellant, v. KEVIN McDERMOTT, Administrator of the Estate of Owen T. Lasley; MAREAN M. LASLEY; INDA C. BLAKLEY; and THOMAS T. LASLEY, Respondents-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-14-0690 |
| Filed | July 8, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 13-P-90; the Hon. John P. Schmidt, Judge, presiding. |
| Judgment | Reversed; remanded with directions. |
| Counsel on Appeal | Edwin J. Anderson, L. James Hanson (argued), and Daniel M. Bronke, all of L. James Hanson, Attorney at Law, of Mt. Vernon, for appellant.<br><br>Donald A. LoBue (argued), of Springfield, for appellees. |
| Panel | PRESIDING JUSTICE POPE delivered the judgment of the court, with opinion.<br>Justices Knecht and Steigmann concurred in the judgment and opinion. |

**OPINION**

¶ 1        On March 21, 2014, the trial court dismissed petitioner Owen Fontaine Lasley's (Fontaine) combined complaint for declaratory judgment pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2012)) and stated its dismissal was a final order for purposes of appeal with no just cause to delay its enforcement. On July 2, 2014, the court denied Fontaine's motion to reconsider. Fontaine appeals, arguing the court erred in granting respondents' motion to strike and dismiss his combined complaint. We reverse and remand for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3        On February 20, 2013, Inda C. Blakley (Inda) filed a petition for probate and letters of administration after the death of Owen Thomas Lasley (decedent) on January 28, 2013. Decedent died without a will. Listed as heirs to decedent's estate were Fontaine, Inda, Marean M. Lasley (Marean), and Thomas T. Lasley (Timmy). Inda also filed an affidavit of heirship with regard to the above-named heirs. The named heirs consented to Kevin N. McDermott as special administrator for the estate. On May 13, 2013, the trial court appointed McDermott as special administrator for the estate.

¶ 4        On November 26, 2013, Fontaine filed a combined complaint for declaratory judgment and motion to vacate order of heirship. According to the complaint, Fontaine is decedent's sole heir. The complaint alleged decedent told other family members, including Gerald Lasley, Velma Alexander, and Johngylene Stewart, that Fontaine was his only child and that he was not the father of Marean, Inda, and Timmy. Fontaine attached affidavits from Gerald Lasley, Velma Alexander, and Johngylene Stewart to his complaint. Gerald Lasley's affidavit stated in pertinent part:

        "4. That [decedent] specifically told me that [Fontaine] was his only naturally born child of his first marriage to Wilma Ladoris Killion Lasley.

        5. That [decedent] specifically told Timmy Lasley's wife that [decedent] was not Timmy Lasley's father."

Velma Alexander's affidavit stated in pertinent part:

        "4. That I personally heard [decedent] state that of the four children born to his first wife, Wilma Ladoris Kidd Lasley, during their marriage, only [Fontaine] was his natural born child.

        5. That I personally heard [decedent] state that Marean Lasley, Inda Blakely, and Timmy Lasley were not his children."

Johngylene Stewart's affidavit stated in pertinent part:

        "3. That on an occasion approximately 15 years before his death, I heard [decedent] state that he was going to tell Marean Lasley, Inda Blakely, and Timmy Lasley that he was not their father and that he knew that [Fontaine] was his only natural born child.

        4. That when Marean Lasley was a young man, I heard him state that he knew that [decedent] was not his real father."

¶ 5        Fontaine also filed a motion to determine heirship by deoxyribonucleic acid (DNA) testing pursuant to Illinois Supreme Court Rule 215 (eff. Mar. 28, 2011). According to the motion,

"DNA testing provides a means to establish with certainty the relationship of the individuals in question and ascertain that [decedent] was not the father of Marean Lasley, Inda C. Blakley, and [Timmy] Lasley."

¶ 6      On February 13, 2014, Inda, Marean, and Timmy filed a motion in opposition to Fontaine's motion to determine heirship by DNA testing. They argued Fontaine had to show good cause for a court to order DNA testing. According to respondents, "Proper DNA testing would require the body of [decedent] to be exhumed." In addition, respondents argued the affidavits of Gerald Lasley, Velma Alexander, and Johngylene Stewart were defective and should be stricken under Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013). According to respondents, Fontaine had failed to provide persuasive and credible evidence DNA testing would result in their disinheritance.

¶ 7      Respondents also filed a motion to strike and dismiss Fontaine's combined complaint for declaratory judgment and motion to vacate order of heirship. The first part of the motion was based on section 2-615 of the Code (735 ILCS 5/2-615 (West 2012)). The second part of the motion was based on section 2-619 of the Code (735 ILCS 5/2-619 (West 2012)) and simply repeated the allegations from the section 2-615 portion of the motion. No subparts of section 2-619 were identified as applicable to the motion.

¶ 8      On March 21, 2014, the trial court dismissed Fontaine's combined complaint for declaratory judgment and motion to vacate order of heirship. The court's docket entry states:

"[Respondents'] Inda C. Lasley, Marean M. Lasley, and [Timmy] Lasley Motion to Dismiss pursuant to 735 ILCS 5/2-619 [(West 2012)] the [petitioner's] Combined Complaint for Declaratory Judgment and Motion to Vacate Order of Heirship and [petitioner's] Motion for DNA testing is ALLOWED. The [petitioner's] affidavits in support of his motion violate Illinois Supreme Court Rule 191[(a) (eff. Jan. 4, 2013)] and the Dead[-]Man's Act as incorporated by 735 ILCS 5/8-201 [(West 2012)] as they claim to relate conversations with the deceased as to whether or not he was or was not the biological father of the [respondents]. Moreover, Inda C. Lasley, Marean C. Lasley, and [Timmy] Lasley were born during the marriage of the deceased and Wilma L. Lasley. There is a statutory presumption that they are the legitimate children of the deceased. The [petitioner's] affidavits in support of his Petition fail to present the necessary competent evidence to disturb this presumption. [Respondents'] Motion to Dismiss pursuant to 735 ILCS 5/2-619 [(West 2012)] is allowed. This is a final and appealable order with no just cause to delay its enforcement."

¶ 9      On April 17, 2014, Fontaine filed a motion to reconsider the trial court's order granting the motion to dismiss. On July 2, 2014, the court denied Fontaine's motion to reconsider. The court found the motion as to DNA testing was moot.

¶ 10      This appeal followed.

¶ 11                II. ANALYSIS

¶ 12                A. Hybrid Motion

¶ 13      Fontaine first argues the trial court erred in granting the motion to dismiss because it was an improper hybrid motion combining claims under sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2012)). According to Fontaine, "Because the Motion to Dismiss was an improper hybrid motion, it was error for the circuit court to address the motion."

However, Fontaine fails to provide this court with any analysis as to why respondents' motion to dismiss was an improper hybrid motion.

¶ 14 Illinois Supreme Court Rule 341(h)(7) (eff. Feb. 6, 2013) states an appellant's brief shall contain the following:

> "Argument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. Evidence shall not be copied at length, but references shall be made to the pages of the record on appeal or abstract, if any, where evidence may be found. Citation of numerous authorities in support of the same point is not favored. Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."

This court has often stated it is not a depository upon which an appellant may foist his burden of argument and research. *Campbell v. Wagner*, 303 Ill. App. 3d 609, 613, 708 N.E.2d 539, 543 (1999). However, we note forfeiture is a limitation on the parties and not the court. *People v. Tomczak*, 395 Ill. App. 3d 877, 879, 921 N.E.2d 736, 737 (2009).

¶ 15 In this case, respondents' combined motion to dismiss was defective. It did not set forth any particular subsection of section 2-619 in support of the motion. Further, respondents merely parroted their section 2-615 motion to dismiss. The trial court was entitled to have respondents specify the basis for their motion to dismiss. See *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶¶ 20-22, 998 N.E.2d 984.

¶ 16                                    B. Dismissal Pursuant to Section 2-619

¶ 17 We first note it is difficult to determine from the trial court's March 21, 2014, docket entry in this case whether the court even made a ruling with regard to Fontaine's request to require DNA testing. However, the court's docket entry ruling on Fontaine's motion to reconsider clearly states the court found Fontaine's motion for DNA testing moot once it dismissed the complaint.

¶ 18 This court also notes it is not aware of any authority to support the filing of a "combined complaint." A complaint sets forth the parameters of a lawsuit and should not be combined with motions. The filing of a "combined complaint" would have supported dismissal without prejudice in and of itself. However, respondents did not move for dismissal on this basis.

¶ 19 The trial court would have been justified in denying respondents' motion to dismiss for the reasons stated above. More important, the trial court erred in granting the motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2012)). As noted above, the record does not disclose the subsection of section 2-619 on which the court based its dismissal. However, the only subsection that arguably makes sense in the context of this case is section 2-619(a)(9), which states:

> "(a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:
>
>                                                  * * *
>
> (9) That the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2012).

Our supreme court has stated section 2-619(a)'s purpose is to "provide litigants with a method of disposing of issues of law and easily proved issues of fact–*relating to the affirmative matter*–early in the litigation." (Emphasis in original.) *Reynolds*, 2013 IL App (4th) 120139, ¶ 30, 988 N.E.2d 984 (citing *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367, 799 N.E.2d 273, 278 (2003)).

¶ 20    A motion pursuant to section 2-619(a)(9) of the Code admits (1) the legal sufficiency of the complaint and (2) all well-pleaded facts and reasonable inferences therefrom. *Id.* ¶ 31, 988 N.E.2d 984. However, a section 2-619(a)(9) motion should assert "an affirmative matter outside the complaint bars or defeats the cause of action." *Id.* When ruling on a section 2-619(a)(9) motion to dismiss, a court must (1) construe the pleadings in a light most favorable to the nonmoving party and (2) only dismiss the claim if the nonmoving party can prove no set of facts supporting the alleged cause of action. *Id.* We review the dismissal of a claim pursuant to section 2-619(a)(9) *de novo*. *Id.*

¶ 21    Our supreme court has defined "affirmative matter" as follows:

> " 'Affirmative matter' means some kind of defense 'other than a negation of the essential allegations of the plaintiff's cause of action.' [Citation.] The standard articulation of 'affirmative matter' is:
>
> > '[A] type of defense that either negates an alleged cause of action completely or refutes crucial conclusions of law or conclusion[s] of material fact unsupported by allegations of specific fact contained [in] or inferred from the complaint *** [not] merely evidence upon which defendant expects to contest an ultimate fact stated in the complaint.' 4 R. Michael, Illinois Practice § 41.7, at 332 (1989).
>
> In fact, a defendant moving for dismissal under section 2-619(a)(9) otherwise admits the legal sufficiency of the plaintiff's cause of action." *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 120-21, 896 N.E.2d 232, 238 (2008).

As this court has stated:

> "For example, the existence of tort immunity or plaintiff's lack of standing is a proper affirmative matter pursuant to section 2-619(a)(9) as each completely defeats the plaintiff's ability to successfully prosecute its claim against the defendant. [Citations.]
>
> An affirmative matter does not include ' "evidence upon which defendant expects to contest an ultimate fact stated in the complaint." ' [Citations.] In other words, an affirmative matter is not the defendant's version of the facts as such a basis merely tends to negate the essential allegations of the plaintiff's cause of action. *Howle*[ *v. Aqua Illinois, Inc.*], 2012 IL App (4th) 120207, ¶ 34, 978 N.E.2d 1132; *Smith*, 231 Ill. 2d at 120-22, 896 N.E.2d at 238; *In re Marriage of Vaughn*, 403 Ill. App. 3d 830, 835-36, 935 N.E.2d 123, 127 (2010) (First District) (' "[W]here the affirmative matter is merely evidence upon which defendant expects to contest an ultimate fact stated in the complaint, section 2-619(a)(9) should not be used." ' [Citations.]). *** [S]ection 2-619(a)(9) does not authorize the defendant to submit affidavits or evidentiary matter for the purpose of contesting the plaintiff's factual allegations and presenting its version of the facts." *Reynolds*, 2013 IL App (4th) 120139, ¶¶ 33-34, 988 N.E.2d 984.

¶ 22    Further, this court has stated "[w]here a defendant seeks to address the complaint's factual allegations, a summary judgment motion pursuant to section 2-1005 of the Code is the proper vehicle." *Reynolds*, 2013 IL App (4th) 120139, ¶ 34, 988 N.E.2d 984. In this case, the motion

to dismiss sought to challenge Fontaine's factual allegation Inda, Marean, and Timmy were not the decedent's biological children. These arguments would be more appropriately addressed in a motion for summary judgment.

¶ 23 From the trial court's March 21, 2014, docket entry, it is clear the court focused on the factual allegations in the case. The court noted "The [petitioner's] affidavits in support of his motion violate Illinois Supreme Court Rule 191[(a) (eff. Jan. 4, 2013)] and the Dead[-]Man's Act as incorporated by 735 ILCS 5/8-201 [(West 2012)] as they claim to relate to conversations with the deceased as to whether or not he was or was not the biological father of the [respondents]." Regardless of the affidavits petitioner attached to his complaint, Fontaine clearly alleged decedent was not the biological or adoptive father of Inda, Marean, or Timmy. For purposes of a motion to dismiss, these allegations must be taken as true.

¶ 24 The trial court also correctly stated in the previously noted docket entry that Inda, Marean, and Timmy were born during the marriage of decedent and Wilma Lasley and these three individuals were statutorily presumed to be decedent's legitimate children. The court then stated Fontaine's "affidavits in support of his Petition fail to present the necessary competent evidence to disturb this presumption." However, as we stated earlier, for purposes of a motion to dismiss, the properly pleaded allegations in a complaint must be taken as true. As previously noted, regardless of the affidavits attached to Fontaine's complaint, he alleged in his complaint Inda, Marean, and Timmy were neither the biological nor adopted children of the decedent. As a result, we hold the trial court erred in dismissing Fontaine's complaint prematurely.

¶ 25 As the trial court did not rule on Fontaine's request for DNA testing because it found it moot, we do not address this issue on appeal other than to direct the court and parties to this court's opinion in *Jarke v. Mondry*, 2011 IL App (4th) 110150, 958 N.E.2d 730. This reversal should not be seen as any indication of the merits of Fontaine's complaint or whether the motion for DNA testing should be allowed.

¶ 26                                    III. CONCLUSION
¶ 27 For the reasons stated above, we reverse the trial court's dismissal of Fontaine's complaint and remand for further proceedings consistent with this opinion.

¶ 28 Reversed; remanded with directions.