2021 IL App (2d) 200587-U
No. 2-20-0587
Order filed May 27, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| CLESEN BROTHERS, INC., | ) | Appeal from the Circuit Court of |
| | ) | Kane County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20-AR-151 |
| | ) | |
| GRACEWELL SERVICES, INC., | ) | Honorable |
| | ) | Divya K. Sarang, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Hutchinson and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court erred in granting defendant's motion to dismiss, which the court construed as raising affirmative matter avoiding the legal effect of plaintiff's claim. The motion did not raise affirmative matter but, rather, contested the truth of a well-pleaded allegation in the complaint.

¶ 2    Plaintiff, Clesen Brothers, Inc., filed a complaint against defendant, Gracewell Services, Inc., for breach of contract, alleging that defendant had ordered goods but had failed to pay for them. Defendant moved to dismiss and the trial court construed the motion as brought under section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2018)), on the basis that plaintiff had sued the wrong party. The trial court granted the motion. Plaintiff

appeals, contending that defendant's motion was improper under section 2-619(a)(9) because it did not raise "affirmative matter" (see *id.*) but merely contested the well-pleaded allegations of the complaint. Thus, plaintiff argues, the court erred by granting the motion. We agree, and we reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4     On March 4, 2020, plaintiff filed a two-count complaint against defendant. Count I alleged breach of contract and count II sought prejudgment interest. The complaint alleged that, in October and November 2019, defendant ordered from plaintiff $39,605.73 worth of Christmas greens; that plaintiff delivered the goods but defendant refused to pay; and that the refusal was unreasonable and vexatious. The complaint attached copies of invoices listing defendant as the purchaser and Jim Davis as its contact person.

¶ 5     Defendant moved to dismiss the complaint under either section 2-615 or section 2-619(a)(9) of the Code (*id.* §§ 2-615, 619(a)(9)). Defendant alleged that it was not the proper defendant, as it had not ordered the greens. The motion attached a letter dated February 4, 2020, on Landcraft Design, LLC (Landcraft), letterhead, from Dawn Neville to plaintiff. In the letter, Neville stated that plaintiff had sent her certain documents and that, after reviewing them, she concluded that defendant did not purchase anything from plaintiff. She stated further that Landcraft had ordered only about 50% of what plaintiff's bill covered. The letter referred to "emails between Jeff and Jim" but nothing in the letter or defendant's motion explained this reference.

¶ 6     In response, plaintiff argued that, under either section 2-615 or section 2-619, the well-pleaded factual allegation of the complaint must be taken as true. Plaintiff contended that

defendant's motion asserted that the complaint's factual allegations were in part false. Plaintiff also noted that the complaint attached evidence that defendant had purchased the greens.

¶ 7 Defendant filed an affidavit from Neville, stating as follows. She was an agent of defendant with personal knowledge of its records. Defendant was in the business of lawn irrigation. It did not order the Christmas greens. Davis, who allegedly placed the orders, was not an agent of defendant. Defendant had notified plaintiff that it did not order the goods and that Landcraft did.

¶ 8 The trial court ruled that the motion to dismiss should have been brought under section 2-619 because the assertion that plaintiff named the wrong party as defendant was "an affirmative defense or other matter which avoids or defeats the claim." The court redesignated the motion as one filed under section 2-619(a)(9) and allowed plaintiff to file a response.

¶ 9 In its response, plaintiff contended that the motion was improper under section 2-619(a)(9) because it did not accept the well-pleaded allegations of the complaint as true and then raise affirmative matter outside the scope of those allegations; instead, the motion contested the well-pleaded allegation that defendant had ordered the goods. Thus, the motion should fail.

¶ 10 The trial court granted defendant's motion. The court stated that the motion raised an affirmative matter: that defendant was "not the correct entity to the present lawsuit." As defendant's motion was supported by an affidavit, plaintiff had had the burden to introduce contrary evidence. It had not done so. Thus, the motion's allegations were admitted, and the complaint must be dismissed. Plaintiff timely appealed.

¶ 11                                    II. ANALYSIS

¶ 12 Plaintiff contends that the trial court erred in using section 2-619 to enter a dismissal based on the negation of well-pleaded facts that were the basis of its claim. We agree.

¶ 13    We review *de novo* the grant of a section 2-619 motion. *Kedzie and 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993). Section 2-619(a)(9) permits dismissal where "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2018)). "Affirmative matter" means "any defense other than a negation of the essential allegations of the plaintiff's cause of action." *Hodge*, 156 Ill. 2d at 115. Affirmative matter is " '[not] merely evidence upon which [the] defendant expects to contest an ultimate fact stated in the complaint.' " *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 121 (2008) (quoting 4 R. Michael, Illinois Practice § 41.7, at 332 (1989)). A section 2-619(a)(9) motion does not attack the legal sufficiency or the factual basis of the plaintiff's claim. *Barber-Colman v. A & K Midwest Insulation Co.*, 236 Ill. App. 3d 1065, 1073 (1992). Thus, insofar as well-pleaded factual allegations are the basis of the plaintiff's claim, the defendant's section 2-619(a)(9) motion admits them for purposes of the motion. *Id.* at 1074.

¶ 14    Defendant's motion did not raise affirmative matter. Rather, it contested the complaint's well-pleaded facts by introducing contrary evidence. The complaint alleged that defendant agreed to buy goods from plaintiff; defendant's motion denied this. The complaint said, "Defendant did *x*." The motion said, "Defendant did *not* do *x*." The trial court erred in treating such mere negation as cognizable under section 2-619(a)(9). As noted in a similar context, "[t]hese arguments would be more appropriately addressed in a motion for summary judgment." *In re Estate of Lasley*, 2015 IL App (4th) 140690, ¶ 22; see 735 ILCS 5/2-1105 (West 2018) (summary judgment).

¶ 15    The trial court relied on plaintiff's failure to file a counteraffidavit to contest defendant's affidavit. This put the cart before the horse. The use of the affidavit to support an improper basis for dismissal did not obligate plaintiff to do anything more than argue that the motion was invalid, affidavit or not. Plaintiff did so argue, and the court erred in holding otherwise.

¶ 16                                        III. CONCLUSION

¶ 17    We reverse the judgment of the circuit court of Kane County, and we remand the cause.

¶ 18    Reversed and remanded.