Docket No. 104960.

IN THE
SUPREME COURT
OF
THE STATE OF ILLINOIS

GREGORY A. SMITH, Appellant, v. WAUKEGAN PARK
DISTRICT, Appellee.

*Opinion filed April 17, 2008.– Modified Upon Denial of Rehearing
September 22, 2008.*

JUSTICE KILBRIDE delivered the judgment of the court, with
opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Garman,
Karmeier, and Burke concurred in the judgment and opinion.

**OPINION**

Plaintiff, Gregory Smith, sued his employer, the Waukegan Park
District, in the circuit court of Lake County, alleging the District
discharged him in retaliation for filing a workers' compensation
claim. The District filed a motion to dismiss pursuant to section
2–619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS
5/2–619(a)(9) (West 2002)), claiming immunity pursuant to the Local
Governmental and Governmental Employees Tort Immunity Act
(Tort Immunity Act) (745 ILCS 10/1–101 *et seq.* (West 2002)). The
circuit court granted the motion to dismiss, and the appellate court
affirmed the dismissal. 373 Ill. App. 3d 626. We allowed Smith's

petition for leave to appeal (210 Ill. 2d R. 315). We now reverse and remand.

## I. FACTUAL BACKGROUND

In his complaint against the District, Smith alleged he was a seasonal park maintenance employee for the District and performed his work satisfactorily. He suffered a work-related injury on May 8, 2002, requiring medical treatment and time off work. Smith filed a claim under the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 2002)).

On June 24, 2002, Smith returned to work and the District insisted he submit to a drug and alcohol test. Smith refused. Smith alleged the drug-test demand was "retaliatory harassment" for filing a workers' compensation claim. After Smith's refusal, District supervisor Mike Trigg informed Smith by letter that he was terminated effective June 24 for his failure to take the drug and alcohol test.

The District responded to the complaint by filing a motion to dismiss under section 2–619(a)(9) of the Code. The motion asserted immunity from Smith's claim of retaliatory discharge under section 2–109 of the Tort Immunity Act (745 ILCS 10/2–109 (West 2002)). Specifically, the District argued section 2–109 provided immunity to local public entities when the entity's employee could not be held liable for the act or omission causing the alleged injury. Under our holding in *Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill. 2d 12 (1998), the District asserted that individual employees are not liable for retaliatory discharge. Since Trigg could not be held liable for the decision to fire Smith, the District argued it could not be held liable.

Alternatively, the District contended it would not be liable since it enjoyed discretionary immunity under the combined effect of sections 2–201 and 2–109 because section 2–201 of the Tort Immunity Act (745 ILCS 10/2–201 (West 2002)) provides immunity to governmental employees for their acts or omissions involving discretion or determination of policy. In support of its contention that Trigg's firing of Smith was a discretionary act and a determination of policy, the District attached Trigg's affidavit.

Trigg's affidavit averred the District's drug and alcohol testing policy permits testing an employee if the District has reasonable suspicion that the employee is under the influence of drugs or alcohol. In processing the workers' compensation claim, the District received a medical record indicating Smith used marijuana every morning and evening. Smith was then asked to take a drug test. Smith's statement to his doctor, admitting daily marijuana use, indicated to Trigg that Smith came to work after smoking marijuana. Therefore, Trigg thought he had the reasonable suspicion necessary to demand a drug test.

After Smith's refusal, Trigg terminated Smith. In deciding to terminate Smith, Trigg considered several factors: public safety in light of Smith's marijuana use; the legal and financial risks to the District presented by Smith potentially operating vehicles and other equipment while under the influence; public loss of confidence in the District if Smith were to harm someone while under the influence, especially in light of the District's prior knowledge of Smith's drug use; and the deterrent effect Smith's firing would have on other District employees.

The circuit court granted the District's motion to dismiss Smith's complaint with prejudice. Smith appealed and the appellate court affirmed. 373 Ill. App. 3d 626. The appellate court held the District immune from suit under section 2–109 of the Tort Immunity Act (745 ILCS 10/2–109 (West 2002)). In particular, the appellate court determined that since retaliatory discharge claims can only lie against employers and not supervisory employees, public entities can never be liable for retaliatory discharge because public entities cannot be liable when its employees are not liable. 373 Ill. App. 3d at 629.

## II. ANALYSIS

This case requires us to address whether public entities enjoy immunity under the Tort Immunity Act against claims of retaliatory discharge for exercising workers' compensation rights. The existence and preclusive effect of tort immunity are properly raised in a section 2–619(a)(9) motion to dismiss. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). We review the dismissal of a complaint pursuant to section 2–619(a)(9) *de novo*. *Glisson v. City of Marion*,

188 Ill. 2d 211, 220 (1999). We also review construction of the Tort Immunity Act *de novo*. *Barnett v. Zion Park District*, 171 Ill. 2d 378, 385 (1996).

We first analyze the appellate court's basis for finding the District immune. The appellate court held the District immune solely under section 2–109 relying on our holding in *Buckner* that only the municipal employer, and not its employees, may be liable for the tort of retaliatory discharge.

Smith agrees with the appellate court's view of *Buckner* that a decision to terminate an employee in retaliation for filing a workers' compensation claim belongs only to the employer, not to the supervising employee. Smith disagrees, however, with the appellate court's conclusion that *Buckner* thereby precludes all retaliatory discharge claims because public employers cannot be liable when their employees are not liable. Smith stresses that the specific language of section 2–109 relieves a public entity from liability only when the employee's "act or omission" caused the injury, and the employee cannot be held liable. According to Smith, *Buckner* actually removes section 2–109 from consideration because it establishes that the employee never "acts" in a case of retaliatory discharge.

In *Buckner*, we squarely addressed "whether a plaintiff may bring a retaliatory discharge action against the employee or agent of his former employer who effected the discharge on behalf of the employer." *Buckner*, 182 Ill. 2d at 16. In rejecting the plaintiff's argument in *Buckner* that he could sue his former supervisor, we pointed out that even if an employee "devise[s] the plan" to discharge wrongfully the employee, "the discharge is still authorized *by the employer*." (Emphasis in original.) *Buckner*, 182 Ill. 2d at 21. We further noted that the presumed motive for a discharge in retaliation for the exercise of workers' compensation rights, namely, the avoidance of paying workers' compensation benefits, inured only to the employer, not the employee carrying out the discharge. *Buckner*, 182 Ill. 2d at 22. Based on these premises, we ultimately concluded that general principles of agency law "may not *** be logically applied to the tort of retaliatory discharge," and held that "the tort of retaliatory discharge *may be committed only by the employer*." (Emphasis added.) *Buckner*, 182 Ill. 2d at 22.

As Smith suggests, it is not the public entity's employee who causes the retaliatory discharge. Rather, it is the employer. Section 2–109 only grants immunity to a public entity from "an injury *resulting from an act or omission of its employee* where the employee is not liable." (Emphasis added.) 745 ILCS 10/2–109 (West 2002). Accordingly, we hold section 2–109 immunity does not apply in cases of retaliatory discharge because the employer, not the employee, ultimately causes the injury.

We foreshadowed today's decision in *Boyles v. Greater Peoria Mass Transit District*, 113 Ill. 2d 545 (1986). In *Boyles*, we allowed a municipal employee's retaliatory discharge claim to proceed, despite the unavailability of punitive damages against her public employer, and the existence of possible alternative remedies through or against her union. We noted our concern that if a union refused to arbitrate a claim of retaliatory discharge "the plaintiff would be left without an effective remedy." *Boyles*, 113 Ill. 2d at 555. We further noted that "by forcing the employee to sue her union representative [prior to bringing a wrongful discharge action], judicial attention [would be] detracted from the true focus of the complaint; that is, whether the employee was improperly discharged by her employer." *Boyles*, 113 Ill. 2d at 555. We concluded:

> "[U]nder appropriate circumstances, an employee may bring an action for retaliatory discharge against a local public entity employer for compensatory damages, even though the public entity is not subject to an award of punitive damages. Under our holding, only the damages available are restricted; the cause of action in tort for retaliatory discharge remains unchanged." *Boyles*, 113 Ill. 2d at 555-56.

In sum, based on our decision in *Buckner*, the District is not immune from liability under section 2–109.

Next we address the District's argument that it enjoyed discretionary immunity under the combined effect of sections 2–201 and 2–109. Section 2–201 of the Tort Immunity Act provides:

> "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when

acting in the exercise of such discretion even though abused."
745 ILCS 10/2–201 (West 2002).

This court has recognized "[s]ection 2–201 of the Act offers the most significant protection afforded to public employees under the Act." *Arteman v. Clinton Community Unit School District No. 15*, 198 Ill. 2d 475, 484 (2002). Additionally, section 2–109 of the Tort Immunity Act provides: "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2–109 (West 2002). Together, sections 2–201 and 2–109 provide discretionary immunity to public entities. See *Arteman*, 198 Ill. 2d at 484 ("Because '[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable' [citation], this broad discretionary immunity applies to the entities themselves"); *Village of Bloomingdale v. CDG Enterprises, Inc.*, 196 Ill. 2d 484, 496 (2001) ("the discretionary immunity doctrine is codified in sections 2–109 and 2–201 of the Act, which provide that 'a public employee serving in a position involving the determination of policy or the exercise of discretion [and, thereby, the local public entity,] is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused' ").

According to the District, section 2–201 immunizes Trigg, and the District is correspondingly immune pursuant to section 2–109. However, as demonstrated above, this argument fails because it incorrectly views the employee as the pertinent actor when it is the employer who "acts" within the meaning of section 2–109 in a retaliatory discharge.

Particularly important in this dispute, we note section 4(h) of the Workers' Compensation Act provides: "*[i]t shall be unlawful for any employer *** to discharge *** an employee because of the exercise of his or her rights or remedies granted to him or her by this Act*." (Emphasis added.) 820 ILCS 305/4(h) (West 2002). Therefore, section 4(h) plainly prohibits a retaliatory discharge for the exercise of workers' compensation rights. This conclusion is further buttressed by the legislature's declaration in section 2–101(c) of the Tort Immunity Act that "[n]othing in this Act affects the liability, if any, of a local public entity or public employee, based on: *** [t]he

'Workers' Compensation Act.' " 745 ILCS 10/2–101(c) (West 2002). Without expressing an opinion on firings in general by public entities, we declare, under established Illinois law, public entities possess no immunized discretion to discharge employees for exercising their workers' compensation rights.

The District urges us to adopt the contrary reasoning of *Cross v. City of Chicago*, 352 Ill. App. 3d 1 (2004). We disagree with *Cross* and overrule its holding with our decision today.

The *Cross* court concluded discretionary immunity should apply even when an employer discharges an employee for exercising workers' compensation rights. *Cross* largely based its holding on "the important policy considerations embodied in the Tort Immunity Act." *Cross*, 352 Ill. App. 3d at 7. *Cross* determined:

> "decisions by municipal employees about how to best allocate resources and go about providing services, including the selection of employees who will provide those services for the benefit of the public, should not be unduly controlled by the threat of a tort judgment." *Cross*, 352 Ill. App. 3d at 7.

*Cross* then noted that this court cautioned against " 'second-guessing' " the "important judgment calls" involved in employment decisions, and that a public employer should not be " 'more concerned with avoiding possible litigation than with using his best judgment to properly balance the competing interests.' " *Cross*, 352 Ill. App. 3d at 7-8, quoting *West v. Kirkham*, 147 Ill. 2d 1, 12 (1992).

We cannot identify what legitimate competing interests are involved when a public entity decides to violate the clear prohibition of another enactment of the legislature, namely, section 4(h) of the Workers' Compensation Act. Moreover, terminating an employee for exercising workers' compensation rights plainly has nothing to do with "how to best allocate resources and go about providing services *** for the benefit of the public." *Cross*, 352 Ill. App. 3d at 7.

The District attempts to support the circuit court judgment dismissing Smith's complaint by contending the discharge was an act of discretion and, thus, immunity applies. The District points out that Smith made no challenge to Trigg's affidavit. According to the District, Smith admitted Trigg's averments that he fired Smith after considering policy implications and competing interests.

-7-

Contrary to the District's assertion, Smith's purported concession of the District's discretionary action in firing him by his failure to respond to Trigg's affidavit does not constitute an adequate basis for the dismissal of Smith's complaint under section 2–619(a)(9). " '[S]ection 2–619(a)(9) affords a 'means of obtaining *** a summary disposition of issues of law or of easily proved issues of fact, with a reservation of jury trial as to disputed questions of fact.' [Citations.]" *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115 (1993). Dismissal under section 2–619(a)(9) is appropriate when an affirmative matter bars or defeats the plaintiff's claim. *Hodge*, 156 Ill. 2d at 115. "Affirmative matter" means some kind of defense "other than a negation of the essential allegations of the plaintiff's cause of action." *Hodge*, 156 Ill. 2d at 115. The standard articulation of "affirmative matter" is:

> "[A] type of defense that either negates an alleged cause of action completely or refutes crucial conclusions of law or conclusion of material fact unsupported by allegations of specific fact contained or inferred from the complaint *** [not] merely evidence upon which defendant expects to contest an ultimate fact stated in the complaint." 4 R. Michael, Illinois Practice §41.7 at 332 (1989).

In fact, a defendant moving for dismissal under section 2–619(a)(9) otherwise admits the legal sufficiency of the plaintiff's cause of action. *Hodge*, 156 Ill. 2d at 115.

Here, Trigg's affidavit attempts, in part, to negate the essential allegations of Smith's claim of retaliatory discharge. Trigg's affidavit also attempted to show that Smith's discharge was discretionary pursuant to an established drug policy. To the contrary, Smith's complaint alleges he was fired for exercising workers' compensation rights. Smith admits that the reason given by the District for his firing was his refusal to take a drug test. Nonetheless, Smith asserts this reason was a pretext intended to obscure his illegal discharge in retaliation for exercising his workers' compensation rights.

Undoubtedly, the existence of tort immunity may be raised in a section 2–619(a)(9) motion to dismiss. *Van Meter*, 207 Ill. 2d at 367. Nonetheless, to invoke immunity through a section 2–619(a)(9) motion, the District must admit the legal sufficiency of Smith's complaint alleging the District discharged Smith in retaliation for the

exercise of his workers' compensation rights, but show that the legislature granted immunity for retaliatory discharge. Instead, the District highlights a factual dispute surrounding the motivation for Smith's firing.

Since the District possesses no immunized discretion to discharge employees for exercising workers' compensation rights, the disputed basis for the District's discharge of Smith remains a disputed issue of fact. Tort immunity in this case depends on the resolution of that disputed question of fact. See *Hodge*, 156 Ill. 2d at 115. Therefore, Smith's failure to respond to Trigg's affidavit is not fatal because the affidavit does not constitute an "affirmative matter" under section 2–619(a)(9). See *Hodge*, 156 Ill. 2d at 115 (holding an "affirmative matter" means a defense other than negation of the plaintiff's essential allegations).

We conclude the circuit court erred in granting the District's section 2–619(a)(9) motion to dismiss, and the appellate court erred in affirming the dismissal. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

## III. CONCLUSION

We hold section 2–109 provides public entities no immunity for retaliatory discharge based on the exercise of workers' compensation rights. We reverse the judgments of the appellate and circuit courts and remand to the circuit court for further proceedings in accord with this opinion.

*Reversed and remanded.*