2024 IL App (1st) 231665-U

Order filed: October 17, 2024

FIRST DISTRICT
FOURTH DIVISION

No. 1-23-1665

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

---

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 22 M 1713457 |
| ANY AND ALL UNKNOWN OCCUPANTS and LINDA REYNOLDS, | ) ) ) | Honorable Barry Goldberg, Judge, presiding. |
| Defendants | ) ) | |
| (Linda Reynolds, | ) ) | |
| Intervenor and Defendant-Appellant). | ) | |

---

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Ocasio concurred in the judgment.

**ORDER**

¶ 1　*Held*:　Order denying defendant's motion to dismiss and awarding summary judgment in favor of plaintiff is affirmed, where affidavit and documents relied upon by defendant failed to comply with Illinois Supreme Court Rule 191(a), and defendant forfeited any argument as to the merits of her posttrial motions.

¶ 2　In this eviction action, intervenor and defendant-appellant, Linda Reynolds, appeals from the denial of her motion to dismiss and the grant of summary judgment in favor of plaintiff-appellee, Federal National Mortgage Association (Federal). For the following reasons, we affirm.

¶ 3    Federal initiated this lawsuit on August 30, 2022, by filing a complaint against "Any and All Unknown Occupants" of a residential property in Dolton, Illinois, pursuant to the Eviction Act (formerly the Forcible Entry and Detainer Act). 735 ILCS 5/9-101, *et seq.* (West 2022). Therein, Federal sought possession of the property after the unknown occupants unlawfully "held over after Mortgage Foreclosure." Attached to the complaint were several exhibits, including: (1) a September 26, 2019, foreclosure sale deed awarding title of the property to Federal, following a July 23, 2019, judicial sale resulting from a prior foreclosure action, and (2) a notice, dated May 11, 2022, to any and all unknown occupants of the property of Federal's intent to file an eviction action and a demand for possession of the property, effective 90 days after the proper service of the notice.

¶ 4    The record contains two affidavits of service. The first indicates that after four prior unsuccessful attempts, service of Federal's notice of intent to file an eviction action and demand for possession of the property was completed on May 24, 2022, by posting the notice and documents on the door of the property and by sending them via certified mail. The second indicates that after two prior unsuccessful attempts, substitute service of the summons and complaint was completed at the property on January 21, 2023, upon a member of the household, Cynthia Smith. Notably, Cynthia Smith was one of the named defendants in the prior foreclosure action. Status orders entered on April 3, 2023, and May 1, 2023, indicate that Smith was present in court on those days, and this matter was continued for trial to May 23, 2023.

¶ 5    On that day, Reynolds, acting *pro se*, filed a petition seeking leave to intervene and file an appearance in this lawsuit. Therein, she asserted that she "has a bona-fide lease, bona fide tenant [*sic*] that is current with paid rent receipts and can provide facts concerning this cause of action. Petitioner has contractual and monetary interest." She therefore sought leave to intervene and file

her appearance to protect her rights "on terms prescribed by the court." Attached to the petition was a copy of a purported lease agreement for the property between Reynolds and the "Griot Group. LLC." The lease agreement indicated that the original date of the lease was April 1, 2018, and that the renewal term of the lease was to run from April 1, 2020, to March 31, 2024. It was dated April 1, 2020, and the monthly rent was $950.

¶ 6    On May 31, 2023, the circuit court entered an order granting Reynolds leave to intervene, conditioned however by section 408(f) of the Code of Civil Procedure (Code) (735 ILCS 5/2-408(f) (West 2022)), which provides that: "An intervenor shall have all the rights of an original party, except that the court may in its order allowing intervention, whether discretionary or a matter of right, provide that the applicant shall be bound by orders or judgments, theretofore entered or by evidence theretofore received, that the applicant shall not raise issues which might more properly have been raised at an earlier stage of the proceeding, that the applicant shall not raise new issues or add new parties, or that in other respects the applicant shall not interfere with the control of the litigation, as justice and the avoidance of undue delay may require." As such, the circuit court specifically noted that Reynolds' request for a jury trial would not be permitted.

¶ 7    On June 14, 2023, Reynolds filed a motion to strike and dismiss Federal's complaint, pursuant to section 2-619(a)(9) of the Code. 735 ILCS 5/2-619(a)(9) (West 2022). Therein, she asserted that she had a current bona-fide lease for the property, had not been made a party to the prior foreclosure action, had never been properly *personally* served with either the foreclosure complaint or Federal's notice of intent to file an eviction action and demand for possession of the property in this matter, and had not been properly served via any other means. As such, Reynolds asserted that the complaint in this matter should be stricken and dismissed due to Federal's failure to comply with the service and jurisdictional requirements of sections 9-104 and 15-1508.5 of the

Code (735 ILCS 5/9-104, 15-1508.5 (West 2022), or the Protecting Tenants at Foreclosure Act of 2009, P.L. 111–22, § 702(a)(2)(A), 123 Stat. 1632, 1662 (2009). Attached as exhibits in support of the motion were Reynolds' own affidavit, a copy of the purported lease for the property, a receipt for payment of rent for May and June of 2023, and her appearance and jury demand.

¶ 8    Federal filed a combined response to the motion to dismiss and motion for summary judgment. Therein, Federal generally asserted that the affidavit and documents Reynolds filed in support of her motion to dismiss failed to comply with the requirements of Illinois Supreme Court Rule 191 (eff. Jan. 4, 2013), that she had therefore provided no admissible evidence of her rights as a tenant, and therefore Federal had fully complied with the relevant service and jurisdictional requirements with respect to unknown occupants of the property. As such, Federal asked the circuit court to deny the motion to dismiss and grant summary judgment in its favor. Attached in support were, *inter alia*, the order approving the sale in the prior foreclosure action which also granted Federal possession of the property, a recorded and notarized judicial sale deed awarding title of the property to Federal, and the signed affidavit of service of Federal's notice of intent to file an eviction action and demand for possession of the property.

¶ 9    After the parties fully briefed the motions and a full hearing was conducted, the circuit court entered a written order denying Reynolds' motion to dismiss and granting Federal's motion for summary judgment on July 31, 2023. Therein, the court specifically found that Reynolds was not a bona-fide tenant of the property, proper service of Federal's notice of intent to file an eviction action and demand for possession of the property was made pursuant to section 9-104 of the Code, and that Federal was the owner of the property with a superior right of possession. A separate eviction order was entered the same day.

¶ 10    On August 21, 2023, Reynolds filed a motion to vacate, pursuant to section 2-1203(a) of the Code. 735 ILCS 5/2-1203(a) (West 2022). Therein, she contended that summary judgment was improperly granted in favor of Federal because genuine issues of material fact precluded such an award.  On September 11, 2023, this motion was stricken for failure to provide proper notice. The following day, Reynolds refiled this same motion, now styled as an "emergency motion."

¶ 11    On September 15, 2023, the circuit court entered a written order laying out the history of this case and addressing the posttrial motions filed by Reynolds. First, the circuit court noted that following the July 31, 2023, hearing on the motion to dismiss and motion for summary judgment, it had specifically "found that a document purporting to be a lease that Defendant-Intervenor had attached to her motion as an exhibit; (a) lacked sufficient evidentiary foundation; (b) was inadmissible hearsay; (c) was not credible, not admissible, and not relevant to the proceedings; and, in any event, (d) failed to meet the requirements of a bona-fide lease under the Illinois Mortgage Foreclosure Law." With respect to Reynolds' initial posttrial motion that had been stricken on September 11, 2023, the court concluded that: "This Court's 9/11/2023 Order has never been vacated and continues to stand and the previously-stricken post-trial motion is no longer pending in this matter."

¶ 12    With respect to the second, refiled "emergency" motion, the circuit court concluded that: (1) the refiling of the same motion that had previously been stricken had no effect, and (2) even if the refiled motion was to be considered a newly-filed posttrial motion, it was untimely as it had been filed without leave of court and more than 30 days after the final order entered on July 11, 2023, and (3) therefore the July 31, 2023, and September 11, 2023, orders stood, and the September 12, 2023, notice and motion were stricken as untimely and for a lack of jurisdiction.

¶ 13    On the same day, Reynolds filed a notice of appeal challenging the orders entered on July 31, 2023, September 11, 2023, and September 15, 2023. Reynolds' motion for a stay pending appeal was denied by the circuit court on October 30, 2023, however this court granted Reynolds' request for a stay pending the outcome of this appeal in an order entered on November 13, 2023.

¶ 14    On appeal, we first consider Reynolds' contention that the circuit court improperly denied her motion to dismiss. We disagree.

¶ 15    A section 2-619 motion admits the legal sufficiency of a plaintiff's complaint. *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 120 (2008). When ruling on the motion, the court construes the pleadings and supporting documents in the light most favorable to the nonmoving party, and accepts as true all well-pleaded facts in the complaint. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55.

¶ 16    Under section 2-619(a)(9) of the Code, a defendant may move to dismiss a complaint on the grounds "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2022). "An ' "[a]ffirmative matter" is something in the nature of a defense that completely negates the cause of action or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint.' " *Piser v. State Farm Mutual Automobile Insurance Co*., 405 Ill. App. 3d 341, 345 (2010).

¶ 17    On a section 2-619 motion, the defendant has the burden of proof of going forward and, if the motion is "based on facts not apparent from the face of the complaint, the movant must support its motion with affidavits or other evidence." *Philadelphia Indemnity Insurance Co. v. Pace Suburban Bus Service*, 2016 IL App (1st) 151659, ¶ 22; *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993)). If the defendant meets its burden, "the burden then shifts

to the plaintiff, who must establish that the affirmative defense asserted either is 'unfounded or requires the resolution of an essential element of material fact before it is proven.' " *Philadelphia Indemnity*, 2016 IL App (1st) 151659, ¶ 22 (quoting *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370 (1997)).

¶ 18 We review a ruling on a motion brought pursuant to section 2-619 *de novo*. *Smith*, 231 Ill. 2d at 115. "[B]ecause we review the trial court's judgment, not its rationale, we may affirm for any reason supported by the record regardless of the basis cited by the trial court." *Philadelphia Indemnity*, 2016 IL App (1st) 151659, ¶ 21.

¶ 19 Both below and on appeal, Reynolds has raised a host of arguments as to why she was not properly served with Federal's notice of intent to file an eviction action and demand for possession of the property, by posting the notice and documents on the door of the property and by sending them via certified mail. From those arguments, she contends that the trial court improperly denied her motion to dismiss, on the basis that the failure to properly serve her with that notice deprived the circuit court of jurisdiction in this matter. See *Figueroa v. Deacon*, 404 Ill. App. 3d 48, 52 (2010) (an action under the Eviction Act is a special summary proceeding which demands strict adherence to statutory service requirements to establish jurisdiction).

¶ 20 We need not address these various arguments in any detail. They all fundamentally rely upon Reynolds' contention that the affidavit, lease, and receipts for payment of rent she submitted in support of her motion to dismiss established that at the time of service of the notice she was not an unknown occupant of the property, but rather a tenant of the property with a valid, bona-fide current lease. We reject this argument for the following reasons.

¶ 21 Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013) generally provides that affidavits in support of a motion to dismiss or a motion for summary judgment "shall be made on the personal

knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all documents upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." "An affidavit satisfies the requirements of Rule 191(a) if from the document as a whole it appears the affidavit is based on the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents." (Internal quotation marks omitted.) *Madden v. F.H. Paschen/S.N. Nielson, Inc*., 395 Ill. App. 3d 362, 386 (2009). In contrast, courts have consistently disregarded self-serving averments if they are unsupported and/or conclusory. *Nattional Union Fire Insurance Co. of Pittsburgh v. DiMucci*, 2015 IL App (1st) 122725, ¶¶ 2, 68-69; *Hagar v. State Farm Fire & Casualty Co*., 154 Ill. App. 3d 689, 692 (1987).

¶ 22    Furthermore, "[i]n civil cases in Illinois, the basic rules of evidence require a proponent of documentary evidence to lay a foundation for the introduction of that document into evidence." *Anderson v. Human Rights Comm'n*, 314 Ill. App. 3d 35, 42 (2000). "Evidence must be presented to demonstrate that the document is what its proponent claims it to be." *Id*. at 42. "Without proper authentication and identification of the document, the proponent of the evidence has not provided a proper foundation and the document cannot be admitted into evidence." *Id*. This requirement may be met by providing an affidavit or by presenting testimony. *Cordeck Sales, Inc. v. Construction Systems, Inc*., 382 Ill. App. 3d 334, 384 (2008).

¶ 23    Here, with respect to the purported lease, the affidavit Reynolds submitted in support of her motion to dismiss contains nothing but bald, self-serving legal conclusions that she has a "current bona-fide lease agreement with Griot Group, LLC," and that she was a "lawful bona fide

tenant" of the property. Such conclusory assertions do not comply with the requirements of Rule 191(a), and do not establish a reasonable inference that Reynolds could competently testify to such assertions. Nor does the affidavit or anything else in the record explain why the lease was purported to be with Griot Group, LLC, an entity otherwise unknown and totally foreign to this litigation. Nothing in the affidavit explains how or why Griot Group, LLC had any interest in the property such that they could enter into such a lease with Reynolds. Furthermore, the affidavit did not attempt to authenticate or lay an evidentiary foundation for the purported lease or receipts, nor were those documents otherwise sworn to or certified in any way.

¶ 24 We reiterate that a section 2-619 motion admits the legal sufficiency of a plaintiff's complaint (*Smith*, 231 Ill. 2d at 120), on her section 2-619 motion Reynolds had the initial burden of proof, and where that motion was "based on facts not apparent from the face of the complaint, the movant must support its motion with affidavits or other evidence." *Philadelphia Indemnity*, 2016 IL App (1st) 151659, ¶ 22. On this record, we conclude that Reynolds wholly failed to present any competent, admissible evidence to support her assertion that she was a tenant of the property at the time of service of Federal's notice of intent to file an eviction action and demand for possession of the property. As such, her motion to dismiss, specifically premised on that factual assertion, was properly denied.

¶ 25 We next turn to Reynolds' contention that the circuit court improperly granted summary judgment in favor of Federal. For reasons similar as above, we disagree.

¶ 26 Summary judgment is properly granted where the pleadings, depositions, and admissions on file, together with any affidavits, indicate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2–1005(c) (West 2022). The court must examine the evidence in the light most favorable to the nonmoving party (*Pavlik v.*

*Wal–Mart Stores, Inc.*, 323 Ill. App. 3d 1060, 1063 (2001)), and must construe the material strictly against the movant and liberally in favor of the nonmovant (*Espinoza v. Elgin, Joliet and Eastern Railway Company*, 165 Ill. 2d 107, 113 (1995)). Although a drastic means of disposing of litigation, summary judgment is nonetheless an appropriate measure to expeditiously dispose of a suit when the moving party's right to the judgment is clear and free from doubt. *Gaston v. City of Danville*, 393 Ill. App. 3d 591, 601 (2009).

¶ 27    An order granting a motion for summary judgment is subject to a *de novo* standard of review. *Millennium Park Joint Venture, LLC v. Houlihan*, 241 Ill. 2d 281, 309 (2010). As such, we perform the same analysis that a circuit court would and give no deference to the circuit court's conclusions or specific rationale. *Milevski v. Ingalls Memorial Hospital*, 2018 IL App (1st) 172898, ¶ 26. This court may, therefore, affirm the judgment of the circuit court on any basis that appears in the record, regardless of whether the circuit court relied upon that basis or whether the circuit court's reasoning was correct. *Retirement Plan for Chicago Transit Authority Employees v. Chicago Transit Authority*, 2020 IL App (1st) 182510, ¶ 34.

¶ 28    The Eviction Act governs eviction proceedings and sets forth a mechanism for the peaceful adjudication of possession rights. *Circle Management, LLC v. Olivier*, 378 Ill. App. 3d 601, 608 (2007); 735 ILCS 5/9–101 *et seq*. (West 2022). The purpose of an eviction proceeding is to determine only who has a superior right of possession of the property. *U.S. Residential Management & Development, LLC v. Head*, 397 Ill. App. 3d 156, 160 (2009). The relevant issues in such a proceeding concern which party is entitled to immediate possession of the property and whether there is a defense which defeats the plaintiff's asserted right to possession. *Id*.

¶ 29    Here, to establish its right to immediate possession of the property, Federal supported its motion for summary judgment with the court order approving the sale and granting Federal

possession of the property entered in the prior foreclosure case, a recorded and notarized judicial sale deed awarding title of the property to Federal, and the signed affidavit of service of Federal's notice of intent to file an eviction action and demand for possession of the property. There is no evidence Reynolds ever challenged the authenticity of these documents below. Instead, Reynolds responded to the motion for summary judgment by again claiming that she held a valid lease to the property, thus precluding an award of summary judgment in favor of Federal. In making this argument, Reynolds once again relied upon the same affidavit and documents she submitted in support of her motion to dismiss.

¶ 30    For the same reasons as discussed above, we reject Reynolds' reliance upon her affidavit and documents to support her contention that she held a valid lease on the property. And, as the only competent evidence in the record establishes that Reynolds was an unknown occupant at the time the notice was served, the circuit court had proper jurisdiction over this matter. See 735 ILCS 5/9-104 (West 2022) (providing for service of the notice "by posting a copy of the notice on the premises directed to 'unknown occupants' "). On the record before us, we therefore affirm the award of summary judgment in favor of Federal.

¶ 31    Finally, we note again that in her notice of appeal defendant also sought to challenge the orders entered by the circuit court on the two posttrial motions she filed. However, the record clearly reflects that the circuit court struck those motions on procedural grounds, while on appeal Reynolds only provides argument as to the merits of those motions and provides no argument or basis upon which to reverse the circuit court's procedural rulings.

¶ 32    Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) provides that the appellant's brief shall include an argument containing the appellant's contentions, the reasons therefor, citation of the authorities, and "the pages of the record relied on." " 'A reviewing court is entitled to have

issues clearly defined with pertinent authority cited and cohesive arguments presented [citation], and it is not a repository into which an appellant may foist the burden of argument and research [citation]; it is neither the function nor the obligation of this court to act as an advocate or search the record for error.' " *People v. Universal Public Transportation, Inc.*, 2012 IL App (1st) 073303–B, ¶ 50 (quoting *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993)). "An issue not clearly defined and sufficiently presented fails to satisfy the requirements of Supreme Court Rule 341(h)(7)" and is, therefore, forfeited. *In re Detention of Lieberman*, 379 Ill. App. 3d 585, 610 (2007). Having failed to explain why the circuit court's procedural rulings were incorrect, we therefore decline to further consider Reynold's arguments as to the merits of her posttrial motions on appeal.

¶ 33    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 34    Affirmed.